IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **VIVEK SHAH,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:25-CV-1761-L** |
| § | |
| **SWAPNIL AGARWAL,** § | |
| § | |
| Respondent. § | |

### MEMORANDUM OPINION AND ORDER

For the reasons herein explained, the court *sua sponte* **dismisses without prejudice** this action for lack of subject matter jurisdiction.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* Federal courts must presume that an action lies outside its limited jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). A federal court also has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

The burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.")) (footnote and citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

In its Order and Notice of Jurisdictional Deficiency ("Notice of Deficiency") (Doc. 6), the court explained that it questioned whether it had subject matter jurisdiction—based on diversity of citizenship under 28 U.S.C. § 1332—over this action in which Petitioner Vivek Shah ("Petitioner") seeks to confirm an arbitration award pursuant to section 4 of the Federal Arbitration Act ("FAA"). In particular, the court questioned whether the requisite amount in controversy was satisfied. The court also advised as follows:

> After the Supreme Court's holding in *Badgerow v. Walters*, federal courts can no longer "look through" to the substantive dispute in the underlying action to determine whether there is an independent jurisdictional basis in an action to confirm or vacate an arbitration award under sections 9 or 10 of the FAA. 596 U.S. 1, 4-5 (2022). They may only consider the petition or application to confirm or vacate an arbitration award that was "actually submitted to it in assessing its jurisdiction." *Id*. Thus, federal courts look at the face of the petition or application itself. *Id.* at 9.

Doc. 6 at 2. The court gave Petitioner an opportunity to cure the deficiency identified and warned that failure to do so would result in the *sua sponte* dismissal without prejudice of this action without further notice.

**Memorandum Opinion and Order – Page 2**

Petitioner timely responded to the court's Notice of Deficiency, but he asserts that the amount in controversy is met based on the claims asserted and the relief sought in the underlying arbitration. For support, he relies on legal authority that predates and is inconsistent with the Supreme Court's holding in *Badgerow v. Walters*, 596 U.S. 1, 4-5 (2022). As the Fifth Circuit explained in *Ascension Data & Analytics, Limited Liability Company v. Pairprep, Incorporated*:

> Prior to the Supreme Court's recent decision in *Badgerow v. Walters*, we permitted district courts to "look through" the application to the underlying arbitration proceeding to establish jurisdiction. *See Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 843 (5th Cir. 2020), *rev'd, Badgerow*, 596 U.S. at 6-7 . . . . That changed after *Badgerow*, which concluded that the "look through" approach does not apply to applications to modify, confirm, or vacate arbitral awards. 596 U.S. at 5-6 . . . . Instead, "a court may look only to the application *actually submitted to it* in assessing its jurisdiction." *Id.* (emphasis added).

105 F.4th 749, 753 (affirming dismissal of application to vacate arbitration award for lack of jurisdiction).

Here, despite being put on notice of this change in the law, Petitioner requests that the court engage in the same analysis precluded by *Badgerow* and binding Fifth Circuit authority, that is, he contends that the court should "look through" his Petition to Confirm Arbitration Award ("Petition") to the underlying arbitration proceeding for purposes of confirming whether the amount in controversy is satisfied as required for the existence of subject matter jurisdiction based on diversity. Moreover, Petitioner has not provided any explanation as to why the allegations in his Petition support a finding that the amount in controversy in this action, as opposed to the underlying arbitration, exceeds $75,000. Likewise, it is not readily apparent from the court's review of his Petition that the amount in controversy in this case exceeds $75,000 because he only seeks: (1) $50,000 in attorney's fees that were presumably awarded by the arbitrator; and (2) an order confirming the rights and duties of the parties as declared by the arbitrator with respect to

**Memorandum Opinion and Order – Page 3**

the Operating Agreement for Nitya Capital, a real estate company co-owned by the parties to this action and underlying arbitration.

As Petitioner has failed to satisfy his burden of establishing subject matter jurisdiction based on diversity of citizenship, and the court is unable to confirm that all requirements for subject matter jurisdiction based on diversity have been met, it must presume that this action lies outside its limited jurisdiction and dismiss without prejudice the action for lack of subject matter jurisdiction. Accordingly, the court *sua sponte* **dismisses without prejudice** this action for lack of subject matter jurisdiction.

**It is so ordered** this 7th day of August, 2025.

Sam A. Lindsay
United States District Judge